UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH F. BELL, PH.D., | § § § § |
| Plaintiff, | § |
| -v- | § Case No. 7:18-cv-09443-KMK |
| HUDSON VALLEY HYPE ENTERPRISES, LLC | § § § |
| Defendants. | § § § |

## AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

On this day, the Court heard the Agreed Motion for Final Judgment and Permanent Injunction by Keith F. Bell, Ph.D. ("Plaintiff" or "Dr. Bell") and Hudson Valley Hype Enterprises, LLC ("Defendant"). After considering all of the evidence, briefing, argument, and agreement of the parties, the Court FINDS that the motion is well-founded and judgment should be entered against Defendant pursuant to the parties' agreement as set forth below.

### FACTUAL FINDINGS AND CONCLUSIONS OF LAW

*Dr. Bell and His Sports Psychology Practice*

7. Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

8. In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia. Among others, he has been a featured speaker with the American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese

Coaches Association, and British Swim Coaches Association.

9. Dr. Bell has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, holds numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

10. Further, Dr. Bell has authored and had published 10 books and over 80 articles relating to sports psychology and sports performance. He also has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam*, and *Swim Texas Magazine*, and is a periodic contributor to *Austin Fit Magazine*.

### *Dr. Bell's Original Literary Work, Winning Isn't Normal*

7. In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*" or the "Infringed Work"), which was first published in 1982. The book has enjoyed substantial acclaim, distribution, and publicity. Dr. Bell is the sole author of this work and continues to own all rights in the work.

8. Dr. Bell holds a copyright registration for the Infringed Work. A copyright registration certificate for *Winning Isn't Normal* was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number TX-0002-6726-44.

9. Since Dr. Bell authored and published the Infringed Work, *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, among others, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

10. Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright

Act. Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of the Infringed Work, such as posters and t-shirts that display a particular passage from *Winning Isn't Normal* (the "WIN Passage"). The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work *Winning Isn't Normal*.

11. Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the Infringed Work *Winning Isn't Normal* and derivative works for sale.

12. Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports performance and has been asked to speak at conferences, symposia, and other engagements as a result.

13. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN Passage on the internet or in traditional publishing mediums.

14. Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*. Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal* and derivative works, provides pertinent copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes. Dr. Bell also includes information on keelpublications.com regarding how to contact Dr. Bell about obtaining permission to use the WIN Passage or other portions of *Winning Isn't Normal*.

15. Because of Dr. Bell's commercial efforts, Dr. Bell enjoys trademark protection in the

word mark WINNING ISN'T NORMAL, which he uses in connection with various goods and services, including his Winning Isn't Normal® series of books, of which *Winning Isn't Normal* is part. The United States Patent and Trademark Office issued a trademark registration to Dr. Bell for WINNING ISN'T NORMAL for printed matter on November 4, 2014, with a registration number of 4630749. A copy of the trademark registration is attached as **Exhibit C**.

16. Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Dr. Bell's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

17. As a result of the unique and distinctive nature of Dr. Bell's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Dr. Bell and his printed material and related goods and services. The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related items bearing the WINNING ISN'T NORMAL® mark originate from or are affiliated with, sponsored, or approved by Dr. Bell.

*Defendant's Infringement of Dr. Bell's Work*

18. Defendant is a professional basketball team connected with and responsible for activity on the social media platform Facebook on the account https://www.facebook.com/hudsonvalleyhype/ (hereafter, "Defendant's Facebook Account").

19. On or about April 1, 2016, Defendant posted the Infringing Work on Defendant's Facebook Account.

20. On or about June 27, 2017, Defendant posted another derivative of the Infringing

Work on Defendant's Facebook Account.

21. These posts were made without authorization from Dr. Bell and without attribution to Dr. Bell.

22. At no point did Defendant contacted Dr. Bell to request permission to use Dr. Bell's copyrighted work.

23. Upon information and believe, Defendant had a large number of followers when the posts were made, and the posts were seen by an even higher number of people. Due to the globally accessible nature of Facebook, the post was accessible by Internet users across the world.

24. Dr. Bell sent a cease and desist letter to Defendant in January 2018. The posts were accessible for between 6 months to three years.

## JUDGMENT AND PERMANENT INJUNCTION

1. The Court FINDS in favor of Plaintiff on his claims for copyright infringement and trademark infringement, as requested in his complaint. The Court RENDERS judgment in favor of Plaintiff on his claims for copyright infringement and trademark infringement.

2. The Court hereby ORDERS that Defendant and those acting in concert or participation with Defendant are permanently enjoined and restrained from:

    (a) Infringing Plaintiff's federal trademark registration;

    (b) Copying, using, or publicly displaying the Infringed Work or constituent elements thereof that are original;

    (c) Creating any derivative works based on the Infringed Work (either individually or with a third party) without first obtaining a license or assignment from Plaintiff that allows Defendant to do so;

    (d) Any further use of the Infringed Work or any other intellectual property of Plaintiff without first obtaining the requisite license from Plaintiff; and

(e) Otherwise infringing the rights of Plaintiff with respect to the Infringed Work and Plaintiff's trademark.

3. Defendants are FURTHER ORDERED to remove from sale or display any and all social media posts, advertisements, products, catalogs and any other items or goods bearing marks, content, or other words inconsistent with this order.

4. It is FURTHER ORDERED that the parties are each responsible for their own attorney fees.

5. Costs of court in the amount of $750 are hereby taxed against Defendant, and Defendant is ORDERED to pay $750 to Plaintiff for such costs.

6. All relief not granted by this order is hereby expressly DENIED. This order disposes of all claims of all parties.

7. This is a final and appealable order.

SIGNED this the 10th day of March, 2020

_____
UNITED STATES DISTRICT JUDGE

AGREED:

HUDSON VALLEY HYP ENTERPRISES LLC

Name: _____

Signature: _____

Title: _____

Date: _____

s/Mark N. Mutterperl
Mark N. Mutterperl
**ZEISLER PLLC**
800 Third Avenue, Suite 2800
New York, NY 10022
Telephone: 917.410.7941
mark@zeisler-law.com
**ATTORNEYS FOR PLAINTIFF**